IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GRAPHIC COMMUNICATIONS NATIONAL PENSION FUND; KURT FREEMAN, TRUSTEE; and MALCOLM PRITZKER, TRUSTEE,<br><br>Plaintiffs,<br><br>v.<br><br>T GRAPHICS, LLC<br><br>and<br><br>THOMAS WALSH<br><br>Defendants. | Civil Action No. |

**COMPLAINT**

The Plaintiffs, Graphic Communications National Pension Fund, formally known as the Graphic Communications Conference of the International Brotherhood of Teamsters National Pension Fund (the "Fund"); Kurt Freeman, Trustee; and Malcolm Pritzker, Trustee, bring this action against the Defendants, T Graphics, LLC ("T Graphics") and Thomas Walsh, to collect withdrawal liability payments owed to a multiemployer pension plan pursuant to Section 4201, et seq. of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1381, et seq.

**I.   JURISDICTION AND VENUE**

1.   This Court has jurisdiction of the action under Section 4221(b)(1) of ERISA, 29 U.S.C. § 1401(b)(1), and 28 U.S.C. § 1331.  Plaintiffs seek to enforce the provisions of ERISA and the

1

terms of the pension fund, seek redress for Defendants' violations of ERISA, and seek all other appropriate legal or equitable relief under ERISA.

2. Venue in this Court is proper pursuant to 29 U.S.C. § 1451(d) and 28 U.S.C. § 1391. Where an action is brought under ERISA Section 4301 (29 U.S.C. §§ 1451) in district court of the United States, it may be brought at Plaintiffs' discretion in the district where the plan is administered, where the breach took place, or where a Defendant resides or may be found. The Fund is administered in this judicial district and the Defendants reside in this judicial district, thus jurisdiction and venue are properly grounded with this Court.

## II. PARTIES

3. The Fund is established pursuant to agreements between Local M204 of the Printing Packaging & Production Workers Union of North America (PPPWU), among other local unions, and T Graphics, among other employers, to provide for pensions and related benefits to employees covered by collective bargaining agreements between participating local unions and employers. The Fund is an employee benefit plan within the meaning of ERISA Sections 3(3) and 3(37)(A), 29 U.S.C. §§ 1002(3) and 37(A), and is controlled and managed by certain fiduciaries within the meaning of Section 402 of ERISA, 29 U.S.C. § 1102. The Fund's principal place of business for such purposes is in Carol Stream, Illinois.

4. Plaintiffs Kurt Freeman and Malcolm Pritzker are Co-Chairmen of the Board of Trustees of the Fund. Freeman and Pritzker are "plan sponsors" as defined in Section 3(16)(B) of ERISA, 29 U.S.C. § 1002(16)(B), and are authorized to bring this action pursuant to Sections 4221(b)(1), 4301(a) and 502(a)(3) of ERISA, 29 U.S.C. §§ 1401(b)(1), 1451(a), 1132(a)(3).

5. For all relevant periods, T Graphics was a limited liability company business that was registered on September 26, 2002, in the state of Pennsylvania, and is engaged in the business of commercial printing at 3 Davidson Ave, Box 338, Elrama, PA 15038. T Graphics is an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5).

6. Upon information and belief, T Graphics ceased business within the plan year ending April 30, 2023.

7. Upon information and belief, Thomas J Walsh was an owner, director and shareholder of T Graphics who resides at 438 4th Street, Monongahela, PA 15063.

### III. FACTUAL ALLEGATIONS

8. The Fund is primarily funded by contributions, and investment income thereon, remitted by multiple participating employers in accordance with negotiated collective bargaining agreements between those participating employers and labor organizations affiliated with the Graphic Communications National Pension Fund. All principal and income from such contributions and investments thereof is held for the exclusive purpose of providing pension and related benefits to participants and beneficiaries of the Fund and paying the Fund's administrative expenses.

9. M204 served as the collective bargaining representatives of certain T Graphics employees. T Graphics participated in the Fund and was obligated to contribute to the Fund in accordance with a series of collective bargaining agreements ("CBA") entered into between T Graphics and M204.

10.     Under ERISA Sections 4202, 4203 and 4219, 29 U.S.C. § 1382, 1383 and 1399, when certain conditions are met, a multiemployer plan must assess withdrawal liability to each participating employer that has a complete withdrawal from the Fund.

11.     The withdrawal liability assessed to a participating employer when it has a complete withdrawal from the Fund is essentially that participating employer's proportionate share of the multiemployer plan's unfunded vested benefit liability and is based on the participating employer's contribution history to the Fund.

12.     On September 30, 2022, during the Fund's Plan Year ended April 30, 2023, T Graphics experienced a complete withdrawal from the Fund as a result of a permanent cessation of T Graphics' obligation to contribute to the Fund, as set forth in ERISA Section 4203, 29 U.S.C. § 1383.

13.     On February 13, 2023, the Fund assessed T Graphics withdrawal liability, in accordance with Section 4203 of ERISA, 29 U.S.C. § 1383, in the amount of $2,766,820.77 as a result of T Graphics' complete withdrawal from the Fund. The assessment provided for 240 monthly payments of $458.49, a total of $110,037.60, in accordance with Section 4219(c)(1)(B) of ERISA, 29 U.S.C. § 1399(c)(1)(B).

14.     In accordance with Section 4219(b) of ERISA, 29 U.S.C. § 1399(b), the Fund notified T Graphics of the withdrawal liability assessment by sending the required notice to T Graphics on July 20, 2023. A true, correct, and complete copy of the withdrawal liability assessment notice and demand is attached hereto as Exhibit 1.  The Fund's assessment letter included a demand for payment of 240 payments in the amount of $458.49, T Graphics' monthly payment schedule as required by ERISA Section 4219(b), and notified T Graphics of its right to request a review of

the assessment. T Graphics was required to begin making monthly employer withdrawal liability payments to the Fund beginning October 18, 2023.

15. On July 20, 2023, the Fund sent the withdrawal liability assessment notice and demand via certified mail to Thomas Walsh, located at 438 4th Street, Monongahela, PA 15063. A copy of the United States Postal Service tracking information is attached hereto as Exhibit 2.

16. The withdrawal liability assessment notification dated July 20, 2023, sent to T Graphics by the Fund stated: "A request for review must be made within 90 days of the date of receipt of this letter."

17. T Graphics did not request a review of the Fund's assessment of its withdrawal liability in accordance with ERISA Section 4221(a), 29 U.S.C. § 1401(a), and therefore has waived the right to challenge the withdrawal liability assessment made by the Fund.

18. T Graphics did not begin making withdrawal liability payments, as required, in October 2023.

19. On December 5, 2023, the Fund notified T Graphics that its withdrawal liability payment was overdue and that the company would be in default, as that term is defined in Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) if payment of the delinquent withdrawal liability payment was not received by the Fund by March 31, 2024. A true, correct and complete copy of the default notice and demand is attached hereto as Exhibit 3.

20. On December 5, 2023, the Fund sent the overdue withdrawal liability payment notice via certified mail to Thomas Walsh, located at 438 4th Street, Monongahela, PA 15063. A copy of the United States Postal Service tracking information is attached hereto as Exhibit 4.

21. Pursuant to Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5), a party is in default with respect to the withdrawal liability payments that it owes to a multiemployer pension fund, if

it has not cured its failure to pay its withdrawal liability installment payments within sixty (60) days following notice and a demand.

22. T Graphics failed to cure its default in making withdrawal liability payments to the Fund on or before March 31, 2024, and to date, T Graphics has not made any withdrawal liability payments to the Fund.

23. Because T Graphics was delinquent in the withdrawal liability payments that it owed to the Fund and did not cure this delinquency within sixty (60) days receipt of the Fund's demand, T Graphis is in default of its statutory obligation to make withdrawal liability payments to the Fund. As a result, T Graphics is statutorily liable to the Fund for the unpaid principal of its withdrawal liability, plus accrued interest on the unpaid amounts owed from the due date of the first owed payment not timely made, liquidated damages, reasonable attorney's fees and costs, and other legal relief as deemed appropriate by the Court in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

## COUNT I
## LIABILITY AGAINST T GRAPHICS

24. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 23 above.

25. T Graphics' failure to timely remit the assessed withdrawal liability payments has resulted in the company being in default, thereby permitting the Fund to recover payment of the entire outstanding amount of withdrawal liability assessed by the Fund and owed by T Graphics, subject to the 20-year amortization period provided in Section 4219(c)(1)(B) of ERISA, 29 U.S.C. § 1399(c)(1)(B), plus accrued interest on that amount from the date those amounts were due, in accordance with Sections 4219(c)(5) and 4221(b)(1) of ERISA, 29 U.S.C. §§ 1399(c)(5), 1401(b)(1).

26. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that an action involving an employer's failure to timely make withdrawal liability payments shall be treated in the same manner as a delinquent contribution within the meaning of ERISA Section 515, 29 U.S.C. § 1145. Thus, T Graphics is also liable for liquidated damages, costs, and reasonable attorneys' fees, pursuant to ERISA Sections 4301(e) and 502(g)(1), 29 U.S.C. §§ 1451(e) and 1132(g)(1).

27. Plaintiffs, therefore, seek a judgment against Defendant T Graphics for $110,037.60, pursuant to ERISA Section 4219(c)(5), 29 U.S.C. § 1399(c)(5), plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

## COUNT II
## LIABILITY AGAINST THOMAS WALSH

28. Plaintiffs hereby re-allege and incorporate by reference each and every allegation set forth in paragraphs 1 through 27 above.

29. Thomas Walsh has been an owner, director and shareholder of T Graphics during all relevant times.

30. Thomas Walsh had reasonable notice, or knowledge can be implied, of the Fund's withdrawal liability claim against T Graphics.

31. Plaintiffs, therefore, seek a judgment in their favor and against Thomas Walsh in the amount of $110,037.60, plus pre-judgment and post-judgment interest, liquidated damages and costs and reasonable attorneys' fees, in accordance with ERISA Sections 4301(e) and 502(g)(1) and (2), 29 U.S.C. §§ 1451(e) and 1132(g)(1) and (2).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs pray for a judgment providing that Defendants T Graphics and Thomas Walsh are jointly and severally liable to immediately pay to the Fund the following sums in accordance with ERISA Sections 4219(c)(5) and 4221(b)(1), 29 U.S.C. §§ 1399(c)(5), 1401(b)(1):

    a.    the amount of the assessed withdrawal liability of $110,037.60;

    b.    interest calculated pursuant to PBGC regulation section 4219.32 from the due date of the first withdrawal liability payment owed by Defendant which was not timely made to the Fund;

    c.    liquidated damages equal to the greater of:
  i. the accrued interest on the delinquent withdrawal liability payments not paid when due at the time of judgment, or

  ii. an amount equal to twenty percent (20%) of the amount of delinquent withdrawal payments not paid when due at the time of judgment pursuant to ERISA Sections 4301(b) and 502(g)(2), 29 U.S.C. §§ 1451(b) and 1132(g)(2)); and

    d.    post judgment interest;

    e.    additional costs and reasonable attorneys' fees associated with this lawsuit; and

    f.    such other relief as the court deems proper.

Dated: April 21, 2025                    Respectfully submitted,

Dated: April 21, 2025                    Respectfully submitted,

| | |
|---|---|
| MOONEY, GREEN, SAINDON MURPHY & WELCH, P.C | ALLISON, SLUTSKY & KENNEDY P.C. |
| By: /s/ Lori Waichman     Lori Waichman | By: /s/  Wesley Kennedy             .     Wesley Kennedy |
| Lori R. Waichman<br>DC Bar Number 1655769<br>1620 Eye Street NW, Suite 700<br>Washington, DC 20006<br>Phone:  (202) 783-0010<br>Fax:       (202) 783-6088<br>Email:   lwaichman@mooneygreen.com | Wesley Kennedy (ARDC No. 6188189)<br>Sam Hensel (ARDC No. 6332797)<br>230 West Monroe Street, Suite 2000<br>Chicago, Illinois  60606<br>Phone: (312) 364-9400<br>Fax: (312) 364-9410<br>Email: kennedy@ask-attorneys.com<br>Email : hensel@ask-attorneys.com |

Attorneys for Plaintiffs Graphic Communications National Pension Fund and its Co-Chairmen Trustees, Kurt Freeman and Malcolm Pritzker